UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:22-cv-10020-KMM

MARVIN PRICE,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs ("Application") (ECF No. 3). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), by the Honorable K. Michael Moore, United States District Court Judge, to decide all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters (ECF No. 5). Having reviewed Plaintiff's Application and being otherwise duly advised in the premises, the Court recommends that Plaintiff's Application be denied as moot, and the complaint be dismissed with prejudice.

    **I.**    **DISCUSSION**

Plaintiff Marvin Price is an inmate at the Monroe County Prison. Proceeding *pro se*, Plaintiff filed what he captioned as a "Complaint and Request." Though the complaint itself does not identify a defendant, Plaintiff names Bank of America in the accompanying proposed summons (ECF No. 1-1) and captioned the instant Application as styled against Bank of America as defendant. The complaint fails to satisfy any of the criteria required for pleadings in federal court: grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand

for the relief sought. FED. R. CIV. P. 8. Instead, Plaintiff requests that Bank of America to "send plaintiff one check authorized for the amount of fifteen thousand dollars U.S. currency." (ECF No. 1). Another individual is named as the account holder and Plaintiff claims to be (or claims he should be) the beneficiary of this check.

Plaintiff has filed this Application to proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915; therefore, the screening provisions under Section 1915(e) apply. Pursuant to Section 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissals for failure to state a claim are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A complaint must allege facts "enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Pierre v. Comm'r of Soc. Sec.*, 2012 WL 1066811, at *1 (S.D. Fla. Mar. 16, 2012) (internal quotation marks omitted), *report and recommendation adopted*, 2012 WL 1060154 (S.D. Fla. Mar. 28, 2012).

Section 1915 requires dismissal when plaintiff's legal theories are "indisputably meritless" or "when it is appears that the plaintiff has little or no chance of success." *Emrit v. Plantation General Hospital*, 2017 WL 6607398, at *1 (S.D. Fla. Sep. 29, 2017). *Pro se* complaints are held to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed

for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Plaintiff fails to state a claim for relief against Bank of America, N.A. Even construing Plaintiff's filing liberally, the Court is unable to ascertain what claim, if any, is made, nor what relief is sought. Plaintiff does not allege any misconduct by Defendant giving rising to any claim or which could be construed to constitute a violation under any law. Indeed, no conduct by Bank of America is alleged at all. Rather, Plaintiff's fillings collectively[1] suggest that he intends to authorize or direct release of a check from Bank of America. There is no discernable cause of action alleged in Plaintiff's "Complaint." Accordingly, and given the insufficiency of the claims here, the undersigned recommends that Plaintiff's Complaint be dismissed with prejudice because he has not stated a plausible claim for relief and it is unlikely that he will be able to do so, even with the benefit of amending. *See Griffith v. Gibson*, 4:21-CV-10032-JLK, 2021 WL 3080450, at *2 (S.D. Fla. June 1, 2021), report and recommendation adopted, 4:21-CV-10032-JLK, 2021 WL 3079886 (S.D. Fla. July 21, 2021).

## II.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Application (ECF No. 3) be **DENIED** and that Plaintiff's complaint (ECF No. 1) be **DISMISSED WITH PREJUDICE**.

Additionally, the undersigned recommends that Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs, ECF No. 3, be **DENIED AS MOOT**.

---

[1] Plaintiff filed a notice (ECF No. 6) apparently relating to discovery that further describes the bank account and its holder; the Application additionally lists an account at Bank of America among Plaintiff's assets.

### III. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** on this 29th day of April, 2022, at Miami, Florida.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. K. Michael Moore
Plaintiff Marvin Price
# 001121259
Monroe County Detention Center
5501 College Rd
Key West, FL 33040